**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL–CIO, LOCAL UNION NO. 1, Plaintiff,**

v.

**ACME ELECTRIC COMPANY, Reli Electric Corporation, With Holding Company, Defendants.**

**No. S85–0112C(D).**

United States District Court, E.D. Missouri, Southeastern Division.

Nov. 25, 1986.

On Submission of Attorney Fees Jan. 13, 1987.

Sally Barker, Schuchat, Cook & Werner, Shulamith Simon, Husch, Eppenberger, Donohue, Elson & Cornfeld, St. Louis, Mo., for plaintiff.

Robert S. Allen, Lewis & Rice, Thomas O. McCarthy, McMahon, Berger, Hanna, Lillihan, Cody & McCarthy, Jerry J. Murphy, Danis, Reid, Murphy, Gavgin, Tobben, Schreiber & Mohan, St. Louis, Mo., for defendants.

## MEMORANDUM

WANGELIN, District Judge.

This matter is before the Court upon plaintiff's motion to disqualify defendants' counsel and for sanctions.

The actions which give rise to plaintiff's motion are new to this Court and appear to be of first impression in the Eighth Circuit. The underlying facts are beyond dispute, and only a brief summary will be provided here.

### FACTUAL BACKGROUND

Sometime in the first quarter of 1986, counsel for plaintiff, Ms. Sally Barker, was at the office of defendants' counsel to take a deposition. At the time this suit was filed, the firm name was Law Offices of Gerald Tockman, Attorney at Law, a Professional Corporation. In March or April 1985, it became Tockman, Laderman & Wolk, a Professional Law Corporation (T. 89). Currently, it is Tockman & Wolk, a Professional Law Corporation.

Either during a lunch break or on an evening when the deposition was to be continued to the following day, Ms. Barker asked defendant's counsel, Louis Laderman, whether she could leave her materials in the conference room and whether the materials would be "safe" in the conference room. Mr. Laderman assured Ms. Barker that no one would "disturb" her materials.

Although there is disagreement as to the dates and times, all parties agree that Mr. Laderman examined Ms. Barker's materials and made photo-copies of over 200 note cards that Ms. Barker had prepared in anticipation of the deposition and the underlying litigation. The note cards corresponded to documents produced by defendants and contained Ms. Barker's impressions as to the strategic importance of each document.

Mr. Laderman examined the photo-copies and made notes concerning them. Mr. Laderman also informed others in the Tockman firm of the existence of the copies and asked a paralegal to examine them. Although Mr. Laderman left the Tockman firm for unrelated reasons shortly after this incident, the copies remained in possession of the Tockman firm, and attorneys and paralegals knew of their existence and had access to the information contained therein.

Several months later, Ms. Barker was allowed to come to the Tockman firm to examine documents. Ms. Barker was shown to the conference room and allowed to examine several boxes of documents. When she could not find the documents she needed, she was shown another box which had been stored separately. In this last box Ms. Barker discovered the photo-copies of her own work product and subsequently instituted the instant motion.

### RELIEF SOUGHT

Plaintiff seeks to have the Tockman law firm disqualified from representing the defendants in this action. Plaintiff also seeks the imposition of sanctions. In this respect, plaintiff seeks entry of Default and award of costs and attorney's fees. The Court will address the underlying motion first and then respond to the request for sanctions.

### DISQUALIFICATION

█ It is this Court's inherent power, authority, and duty to ensure the administration of justice and the integrity of the litigation process. To this end, the Court may impose reasonable and appropriate sanctions upon counsel appearing before it. *See, Richardson v. Hamilton International Corp.,* 469 F.2d 1382 (8th Cir.1972). Moreover, the Court's power to impose sanctions for misconduct is in no way dependent upon or related to the State Bar's disciplinary procedures. Thus, conduct which may or may not give rise to disbarment might invoke the necessity of judicial sanction. *Kleiner v. First National Bank of Atlanta,* 751 F.2d 1193, 1210, fn. 34 (11th Cir.1985).

█ The law in this Country, Circuit, and State is clear that a law firm may not

escape the consequences of misconduct committed by one of its attorneys. It is clear that all members of a partnership are barred from participating in a case from which one partner is disqualified. *Laskey Bros. of West Va. v. Warner Bros. Pictures*, 224 F.2d 824, 826–27 (2nd Cir.1955). Further, once a partner is vicariously disqualified for a particular case, the subsequent dissolution of the partnership cannot cure his ineligibility to act as counsel in that case. *Id.* See also, *State of Arkansas v. Dean Foods*, 605 F.2d 380 (8th Cir. 1979). The principles articulated above apply equally to partnerships as well as professional corporations. *See, First Bank & Trust Co. v. Zagoria*, 302 S.E.2d 674 (Ga. 1983); R.S.Mo. § 356.150 (1978).

■ In the instant case, the deeds of Mr. Laderman compel this Court to disqualify him from representing defendants in this action. The fact that Mr. Laderman left the Tockman law firm before Ms. Barker discovered this despicable act in no way insulates the Tockman firm from vicarious disqualification. When Mr. Laderman stole the photo-copied plaintiff's work product, the firm of Tockman, Laderman & Wolk stole and photo-copied plaintiff's work product. When Mr. Laderman and others made use of plaintiff's work product, the firm made use of plaintiff's work product. The instant Mr. Laderman committed his offenses, the firm became guilty of those offenses, and no subsequent events can purge the firm of its guilt. The firm has perpetrated a gross violation of established ethical principles and must suffer the consequences of that violation.

The undisputed theft and use of plaintiff's work product is fundamentally contrary to the obligation of a lawyer to act with honesty and integrity in the conduct of legal business. *See e.g., Preamble*, Missouri Rules of Professional Conduct, which the District Court has adopted as its standard of review for professional conduct. Rules of the United States Court for the Eastern District of Missouri, Rule 2(G)(2). Such conduct is fraught with deceitfulness, chicanery, and contempt for the rights of an opposing party. It is condemned both by basic moral principles as well as the governing Rules of Professional Conduct. It is a blatant violation of Rules 8.4, 3.4, 4.4, and 5.3 and compels the termination of representation for such violations. Rule 1.16.

## ATTORNEY'S FEES

■ Plaintiff seeks to recover attorney's fees associated with the instant motion. Without the misconduct of defendants' attorneys, the above-styled matter was moving swiftly to a resolution on the merits by way of cross motions for summary judgment. Solely because of these misdeeds, plaintiff's attorneys have been forced to spend substantial time and resources investigating the incident and submitting the disqualification and sanction issues to this Court.

This Court has the inherent authority to penalize bad faith conduct. *See e.q., Roadway Express, Inc. v. Piper*, 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980). An award of fees and expenses is exceptionally appropriate in these circumstances.

## DEFAULT JUDGMENT

■ Under certain circumstances, this Court has the power to impose the sanction of default. Here, plaintiff contends that the misconduct has contaminated the substance of this lawsuit by permitting defendants' case to be prepared with stolen knowledge of plaintiff's strategies and theories. The Court cannot agree.

While the Court cannot condone such activities, the information gleaned from the note cards does not poison the entire case. At the hearing, the evidence indicated that only two new pieces of information came to Mr. Laderman's attention. One was a change of accounting methods, and the other was an invoice which was paid by defendant ACME but which was issued to one of the other defendants. No evidence was presented as to how the discovery of those two facts gave any advantage to defendants. Moreover, there is absolutely

no evidence that defendants had any knowledge of their counsel's improper activities.

Default judgment is a harsh sanction and should not be imposed lightly. In the instant case, the facts simply do not warrant imposition of default judgment.

APPROPRIATE ORDERS WILL ISSUE.

## ORDER

In accordance with the Memorandum filed this date and incorporated herein,

IT IS HEREBY ORDERED that the firm of Tockman & Wolk, a Professional Law Corporation, be and is DISQUALIFIED from representing defendants in the above-styled action.

IT IS FURTHER ORDERED that the firm of Tockman & Wolk, a Professional Law Corporation, be and is RESTRAINED from communicating any documents or data obtained from Ms. Barker's notes to any person, association, corporation, or partnership, including but not limited to any counsel defendants may engage subsequent to this Order to represent them in the above-styled action.

IT IS FURTHER ORDERED that Louis Laderman, as well as any person, association, corporation, or partnership with which Mr. Laderman currently is or in the future may be professionally associated with, be and are subject to the provisions of this Order.

IT IS FURTHER ORDERED that plaintiff's motion for sanctions be and is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that the firm of Tockman & Wolk, a Professional Law Corporation, and Louis Laderman, be and are LIABLE for plaintiff's attorney's fees and expenses associated with the instant motions. Plaintiff shall submit its fees and expenses to this Court for approval within twenty (20) days of the date of this Order, and the firm of Tockman & Wolk, a Professional Law Corporation, and Louis Laderman may respond within five (5) days of the date of plaintiff's submission.

IT IS FURTHER ORDERED that plaintiff's motion for default judgment be and is DENIED.

IT IS SO ORDERED.

## ON SUBMISSION OF ATTORNEY FEES

This matter is before the Court upon plaintiff's submission of attorney's fees.

On November 25, 1986, this Court granted plaintiff's motion for sanctions against defendant's counsel. As part of said Order, this Court granted plaintiff's motion for attorneys' fees, costs, and expenses, and ordered plaintiff's counsel to submit their fees for the Court's approval.

On December 1, 1986, plaintiff submitted fees in the amount of Thirty-Eight Thousand Eight Hundred Fifty-Four Dollars and Fifty Cents ($38,854.50), and expenses in the amount of Three Thousand Three Hundred Ninety-Four Dollars and Thirty-Two Cents ($3,394.32). Defendant's counsel has objected to the amount of the fees requested, and Mr. Laderman contends that he was not notified about the possibility of sanctions and had an inadequate opportunity to respond. The Court will first address Mr. Laderman's separate objections and then determine a proper fee.

■ Mr. Laderman's complaint is that he has been denied due process on the question of his liability for attorneys' fees. Significantly, Mr. Laderman has not challenged the order of disqualification of defendants' attorneys, including himself. The finding that defendants' attorneys, present and former, were guilty of disqualifying conduct made them liable for sanctions, and no separate hearing on sanctions was necessary. See also *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767, Fn. 14, 100 S.Ct. 2455, 2464, fn. 14, 65 L.Ed.2d 488 (1980).

Moreover, Mr. Laderman was fully aware of his own misconduct and the pendency of these proceedings and could have taken whatever steps he deemed necessary for his own protection. He chose to take no steps. Under any circumstances, Mr.

Laderman has responded to plaintiff's submission on the matter of attorneys' fees and expenses. He is entitled to no more.

Next, the Court turns its attention to the amount of plaintiff's award. Although the Court recognizes that Ms. Barker, et al, were required to move quickly and engage outside counsel to help prepare and present her motion for sanctions, the Court is surprised at the figures submitted for approval. A request of nearly Forty Thousand Dollars ($40,000.00) for preparation of one motion and one day in Court is not reasonable and will be reduced as explained by the following.

 Ms. Simon was retained by Ms. Barker and the firm of Schuchat, Cook & Werner. The Court finds, and defendants' counsel has agreed, that all of Ms. Simon's charges are reasonable and will be allowed. However, once Ms. Simon was engaged as counsel, Ms. Barker and the firm of Schuchat, Cook & Werner took on the position of client. The Court knows of no instance where the time of a client is chargeable as attorneys' fees to an opposing party. Therefore, fees will be allowed to compensate time spent by attorneys and paralegals of Schuchat, Cook & Werner up to and including August 7, 1986. The Court will also allow Ms. Barker's fees with respect to preparation of her portion of the attorneys' fee application. The Court finds that the hourly rates applied in plaintiff's motion are reasonable. Therefore, the Court will allow the following schedule for plaintiff's attorneys' fees.

| Name | Hours | Rate | Total Fee |
|------|-------|------|-----------|
| Ms. Simon | 111.6 | $135.00 | $15,066.00 |
| Ms. Barker | 66.4 | 110.00 | 7,304.00 |
| Mr. Werner | 11.1 | 135.00 | 1,498.50 |
| Mr. Dennis | 7.9 | 60.00 | 474.00 |
| Ms. Lay | 4.5 | 35.00 | 157.50 |
| Law Clerks | 37.9 | 30.00 | 1,137.00 |
| | | | $25,637.00 |

The Court will also allow expenses in the amount requested: Three Thousand Three Hundred Ninety-Four Dollars and Thirty-Two Cents ($3,394.32).

It is the order of this Court that the firm of Tockman & Wolk and Mr. Louis Laderman individually shall be and are liable to plaintiff in the amounts indicated above in accordance with this Court's November 25, 1986 Order.

IT IS SO ORDERED.